UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 10-81500-CV-DIMITROULEAS/SNOW

MARSHALL MANLEY,

    Plaintiff,

vs.

GEROVA FINANCIAL GROUP, LTD.,
A Cayman Islands corp.,

    Defendant.
_____/

## PLAINTIFF, MARSHALL MANLEY'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Marshall Manley ("Manley"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure Rule 56, and Southern District of Florida Local Rule 7.5, hereby moves this Honorable Court for the entry of an Order granting Partial Summary Judgment in Manley's favor and against Gerova Financial Group, Ltd. ("Gerova"), and in support, states as follows:

### *LOCAL RULE 7.5(C) STATEMENT OF UNDISPUTED MATERIAL FACTS*

1. On April 8, 2010, the parties entered into a Separation Agreement and Release (the "Agreement"). The Separation Agreement and Release is attached hereto as *Exhibit A.*

2. Gerova filed the Agreement with the Security Exchange Commission (SEC) on April 12, 2010. Gerova's Form 6-K Report of Foreign Private Issuer is attached hereto as *Exhibit B.*

3. The Agreement provided that Gerova would pay Manley $4,000,000 over the course of forty (40) months in equal installments of $100,000.00, commencing seven (7) months after the execution of the Agreement. *Exhibit A, B.*

Case 9:10-cv-81500-WPD  Document 20  Entered on FLSD Docket 03/23/2011  Page 2 of 7

Marshall Manley v. Gerova Financial Group, Ltd
CASE NO. 10-81500-DIMITROULEAS/SNOW
*Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law*

4. The Agreement further provided that, for a period of forty-seven (47) months, Gerova would reimburse Manley for any co-payments or out of pocket expenses not covered by insurance within thirty (30) days of Manley incurring such expenses. *Exhibit A, B.*

5. The Agreement additionally provided that Gerova would pay Manley a monthly car allowance of $1,000.00 each month for forty (40) months. *Exhibit A, B.*

6. Gerova has never paid any of the $100,000.00 installments to Manley. The Affidavit of Marshall Manley is attached hereto as *Exhibit C.*

7. Gerova has failed to pay $500,000.00 in installment payments to Manley through March 8, 2011. *Exhibit C.*

8. Gerova has failed to pay any of the car allowance payments since December 8, 2010. *Exhibit C.*

9. Gerova has failed to pay $4,000.00 in car allowance payments to Manley through March 8, 2011. *Exhibit C.*

10. Manley has submitted information to Gerova detailing amounts expended for co-payments and out of pocket medical expenses. *Exhibit C.*

11. Gerova has not reimbursed Manley for any co-payments or out of pocket medical expenses since December 8, 2010. *Exhibit C.*

12. Gerova has failed to pay $8,304.41 in reimbursement payments to Manley through March 8, 2011. *Exhibit C.*

13. Manley has been damaged in the amount of $512,304.41 for all payments not made through March 8, 2011. *Exhibit C.*

Case 9:10-cv-81500-WPD   Document 20   Entered on FLSD Docket 03/23/2011   Page 3 of 7

Marshall Manley v. Gerova Financial Group, Ltd
CASE NO. 10-81500-DIMITROULEAS/SNOW
*Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law*

## *MEMORANDUM OF LAW*

### *Summary Judgment Standard*

A party moving for summary judgment must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Mercantile Bank & Trust Co., Ltd. v. Fid. & Deposit Co., 750 F.2d 838 (11th Cir. 1984). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id. "In considering a motion for summary judgment, the Court must examine the evidence in the light most favorable to non-movant and draw all inferences in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, (1985). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Rule 56(e), the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleading," but instead must come forward

Case 9:10-cv-81500-WPD   Document 20   Entered on FLSD Docket 03/23/2011   Page 4 of 7

Marshall Manley v. Gerova Financial Group, Ltd
CASE NO. 10-81500-DIMITROULEAS/SNOW
*Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law*

with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

### *Breach of Contract*

The instant case was filed under this Court's diversity jurisdiction. Thus, as the forum state, Florida substantive law applies. *See* Hanover Specialties, Inc. v. Playmaker Services, LLC, 2009 WL 455443, *7 (S.D. Fla. 2009) (internal citations omitted). Further, the Agreement provides that "the construction of this Agreement shall be in accordance with, and governed by, the laws of the State of Florida, without regard to Florida's conflict of law rules." ***Exhibit A***.

To establish a breach of contract, Manley must show: a) a valid contract, a material breach of the contract, and damages. Id., *citing* Beck v. Lazard Freres & Co., LLC, 175 F.3d 913, 914 (11th Cir. 1999); Miller v. Nifakos, 655 So. 2d 192, 193 (Fla 4th DCA 1995). It is undisputed that Manley and Gerova entered into the Agreement. ***Exhibit A, B.*** Indeed, Gerova filed the Agreement with the SEC, and in its answer to the Amended Complaint, admitted that the parties entered into the Agreement. ***Exhibit B; D.E. 14.***

The issue presented in this case is very simple. Manley alleges that he was owed monies under the Agreement. Gerova, who does not dispute the provisions in the Agreement, asserts as its only defense that it has paid "all or part" of what is being demanded. ***D.E. 14***. A material provision of the Agreement, indeed, the entire purpose of the Agreement, was the payment by Gerova of certain amounts relative to the severance of the employment relationship between Manley and Gerova. ***Exhibit A, B.*** Pursuant to the terms of the Agreement, Gerova was to pay Manley forty (40) equal monthly installments of $100,000, in addition to a monthly car allowance of $1,000 and reimbursement of co-payments and out of pocket medical expenses.

Case 9:10-cv-81500-WPD   Document 20   Entered on FLSD Docket 03/23/2011   Page 5 of 7

Marshall Manley v. Gerova Financial Group, Ltd
CASE NO. 10-81500-DIMITROULEAS/SNOW
*Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law*

***Exhibit A, B.*** Gerova admits that the Agreement requires these payments. ***D.E. 14.*** Accordingly, there is no genuine issue of material fact as to the payments required under the Agreement.

The undisputed evidence before this Court is that Gerova has failed to pay Manley $512,304.41 through March 8, 2011. ***Exhibit C.*** Gerova has not paid any of the $100,000.00 monthly installments due to Manley. ***Exhibit C.*** While Gerova has paid some of the car allowance and medical reimbursements under the Agreement, the undisputed evidence is that it has not paid either of these items since December of 2010. ***Exhibit C.*** Gerova does not deny, but merely claims it lacks knowledge and demands proof that it has failed to pay amounts due to Manley. ***D.E. 14.*** Indeed, as to payments owed to Manley, Gerova only denies Manley's allegation that Gerova does not intend to pay any of the remaining amounts due in the future. ***D.E. 14.*** Accordingly, the undisputed evidence is that Gerova has failed to pay Manley $512,304.41 as of March 8, 2011, and Manley has been damaged in that amount. ***Exhibit C.***

### *Payment*

In its Answer and Affirmative Defenses to the Amended Complaint, Gerova raised a single affirmative defense of Payment, stating, "[u]pon information and belief, the Defendant states that it has paid all or part of what is being demanded in this suit." ***D.E. 14.*** Gerova cannot prove that it paid any part of the $512,304.41 that has not been paid to Manley under the Agreement as of March 8, 2011. ***Exhibit A, C.*** Thus, the undisputed fact remains that Gerova owes Manley $512,304.41 through March 8, 2011, that is now overdue.

Case 9:10-cv-81500-WPD   Document 20   Entered on FLSD Docket 03/23/2011   Page 6 of 7

Marshall Manley v. Gerova Financial Group, Ltd
CASE NO. 10-81500-DIMITROULEAS/SNOW
*Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law*

## *Conclusion*

The undisputed evidence shows that Gerova and Manley entered into a contract, that Gerova breached the material provision of that contract by failing to pay Manley amounts owed, and Manley is suffering damages from Gerova's breach. Further, Gerova's affirmative defense of partial payment is insufficient to create a genuine issue of material fact as to the undisputed outstanding amount of $512,304.41, which is undeniably past due and to date, remains unpaid. Accordingly, for the reasons set forth above, this Court should conclude that Gerova materially breached the Agreement and that Manley is entitled an award of his damages for the breach of contract.

WHEREFORE, Manley requests the Honorable Court grant final summary judgment in his favor and against Gerova for breach of contract and damages in the amount of $512,304.41 for the amount unpaid through March 8, 2011, damages for any and all additional amounts that remain outstanding as of the date of this Court's final judgment, and grant any other and further relief the Court deems just and proper.

*(Certificate of Service and Signature follow)*

Marshall Manley v. Gerova Financial Group, Ltd
CASE NO. 10-81500-DIMITROULEAS/SNOW
*Plaintiff's Motion for Final Summary Judgment and Incorporated Memorandum of Law*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 23, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        ROSENBAUM MOLLENGARDEN JANSSEN &
        SIRACUSA, PLLC
        Counsel for Plaintiff
        One Clearlake Centre
        250 Australian Avenue South, Suite 500
        West Palm Beach, Florida 33401
        (561) 653-2900; Facsimile No. (561) 820-2542
        drosenbaum@RMJSlaw.com
        lwiley@RMJSlaw.com

BY:  /s/ Laurel R. Wiley
       DANIEL S. ROSENBAUM
       Florida Bar No. 306037
       LAUREL R. WILEY
       Florida Bar No. 506494

***Service List:***

Matthew Haynes
Johnson & Haynes, P.A.
1615 Forum Place, Suite 500
West Palm Beach, Florida 33401
matthaynes&cjh-law.com
(561) 682-1100
(561) 682-1148 (Fax)

Clark W. Smith
Paxton & Smith, P.A.
1615 Forum Place, Suite 500
West Palm Beach, Florida 33401
(561) 684-2121  (561) 684-6855 (Fax)

20V8762