UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81500-CIV-DIMITROULEAS

MARSHALL MANLEY,

Magistrate Judge Snow

      Plaintiff,

vs.

GEROVA FINANCIAL GROUP, LTD.,
a Cayman Islands corporation,

      Defendant.

_____/

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT;**
**DENYING MOTION FOR LEAVE TO AMEND**

THIS CAUSE is before the Court upon the Plaintiff, Marshall Manley's Motion for

Partial Summary Judgment [DE 20], filed herein on March 23, 2011.  The Court has carefully

considered the Motion, Plaintiff's Exhibits [DE 20-1 – 20-3], Defendant's Response in

Opposition [DE 24], Defendant's Exhibits [DE 24-2 – 24-3], Plaintiff's Reply [DE 25], and is

otherwise fully advised in the premises.

## I.  BACKGROUND

The following facts are undisputed.  On April 8, 2010, Gerova Financial Group, LTD.

("Gerova") and Marshall Manley ("Manley") entered into a Separation Agreement and Release

(the "Agreement").  Gerova filed the Agreement with the Security Exchange Commission on

April 12, 2010.  The Agreement provided that Gerova would pay Manley $4,000,000.00 over the

course of forty months in equal installments of $100,000.00, commencing seven months after the

execution of the Agreement.  The Agreement also provided that for a period of forty-seven

months, Gerova would reimburse Manley for any co-payments or out of pocket expenses not

covered by insurance within thirty days of Manley incurring such expenses.  The Agreement

additionally provided that Gerova would pay Manley a monthly car allowance of $1,000.00 per month for forty months.

Gerova has never paid any of the $100,000.00 installments to Manley through March 8, 2011, totaling $500,000.00.  Gerova has failed to pay any of the car allowance payments since December 8, 2010, totaling $4,000.00, through March 8, 2011.  Manley has submitted information to Gerova detailing amounts expended for co-payments and out of pocket medical expenses.  Gerova has not reimbursed Manley for any co-payments or out of pocket medical expenses since December 8, 2010, totaling $8,304.41 through March 8, 2011.  Manley has been damaged in the amount of $512,304.41 for the all payments not made through March 8, 2011[1].

## II. DISCUSSION

### A.     Defendant's Motion to Amend Answer

On April 11, 2011[2], Gerova filed its Motion For Leave To Amend Its Answer To Plaintiff's Amended Complaint [DE 23].  Gerova filed that Motion in order to create a factual issue, whether Manley satisfied all conditions precedent of the Agreement, in opposition to Manley's Motion for Summary Judgment.

In Paragraph 17 and 18 of the Amended Complaint, Manley contends that he "has performed all his obligations under the Agreement," and that "Gerova has not performed its obligations under the Agreement despite the fact that all conditions precedent have been performed."  Gerova answered paragraph 17 as lacking knowledge or information to form a

---

[1]On May 10, 2011, Plaintiff filed his Third Supplemental Affidavit in Support of Motion for Partial Summary Judgment contending that Manley has been damaged in the amount of $716,092.58 for the all payments not made through May 8, 2011. [DE 38-1].

[2]The Answer to the Amended Complaint was filed on February 28, 2011.

belief about the truth of the allegation, which constitutes a denial pursuant to Fed. R. Civ. P. Rule 8(b)(5).  Gerova answered paragraph 18 with a denial.  Gerova's responses to these averments constituted a general denial.  <u>Jackson v. Seaboard Coast Line R. Co.</u>, 678 F.2d 992, 1010-1011 (11th Cir. 1982).  A general denial is insufficient to refute whether Manley complied with all conditions precedent pursuant to Fed. R. Civ. P. Rule 9(c).  Gerova concedes that it failed to comply with Rule 9(c), and accordingly seeks to Amend its Answer to specifically refute that Manley complied with all conditions precedent.  In support of its Motion for Leave to Amend, Gerova's counsel states that he found out about this deficiency of the Answer after the deadline for amendments had passed.

Federal Rule of Civil Procedure 15 provides that a party "may amend its pleading once as a matter of course" within "21 days after serving it," but that in all other cases "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  <u>Fed.R.Civ. P. 15(a)</u>.  However, when a party's motion to amend is filed after the deadline set by the court's scheduling order, the party must show good cause why leave to amend the untimely pleading should be granted.  Fed. R. Civ. P. 16(b); <u>Sosa v. Airprint Sys., Inc.</u>, 133 F.3d 1417, 1419 (11th Cir. 1998).  Only if good cause is shown may we consider whether an amendment is proper under Rule 15(a).  <u>Sosa</u>, 133 F.3d at 1419.  The primary consideration in determining whether a movant has established good cause to amend is the diligence of the moving party.  <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 244 (2d Cir. 2007).

The Court notes that the Motion for Leave to Amend is untimely as it was filed after April 1, 2011 deadline for motions to amend pleadings set by the Court's March 18, 2011

Scheduling Order.  As it was filed after the deadline, Gerova must show good cause.  The only reasons provided by Gerova for its untimely filing of its Motion for Leave to Amend are that Gerova's counsel only found out about the deficiency of the Answer after the deadline had passed and Gerova's counsel claims that the clients have been difficult to contact.  The Court finds that Gerova has not demonstrated the requisite level of diligence to amend its Answer.  Thus, the Court finds that Gerova has not shown that good cause exists for the Court to allow the untimely amendment.

**B.     Summary Judgment Standard**

The Court may grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.  After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that

there is some metaphysical doubt as to the material facts." <u>Matsushita Electronic Indus. Co. v.</u> <u>Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rely merely on allegations or denials in its own pleadings," but instead must come forward with "specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 587.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."  <u>Walker v. Darby</u>, 911 F.2d 1573, 1577 (11th Cir. 1990).

## C.     Plaintiff's Motion for Partial Summary Judgment

Manley moves for entry of a partial[3] summary judgment in favor of it and against Gerova for breach of contract and damages in the amount of $512,304.41 for the amount unpaid through March 8, 2011, as well as damages for any and all additional amounts that remain outstanding as of the date of this Court's final judgment.  Under Florida law, the elements of a breach of contract action are: "1) a valid contract; 2) a material breach; and 3) damages." <u>Beck v. Lazard</u> <u>Freres & Co., LLC</u>, 175 F.3d 913, 914 (11th Cir. 1999).  Manley asserts that it is undisputed that the Parties entered into the Agreement and that the Agreement requires the payments sought by Manley.  Manley also contends that it is undisputed that Gerova breached a material provision of that Agreement by failing to pay Manley $512,304.41 through March 8, 2011.

The arguments Gerova makes in its Opposition to the Motion for Summary Judgment

---

[3]There is some confusion whether the instant Motion is one for <u>partial</u> or <u>final</u> summary judgment.  The title of the Motion indicates that it is a "Motion for Partial Summary Judgment." However, the header of the Motion indicates it is a "Motion for Final Summary Judgment."  In the Conclusion of the Motion, Plaintiff requests the Court "grant final summary judgment."  In his Reply, Plaintiff clarifies that the instant Motion is one for partial summary judgment.  This is consistent with the relief that Plaintiff is seeking in its Motion.

rely on its assumption that the Court grants the Motion for Leave to Amend. As discussed above, the Court is denying the Motion for Leave to Amend. However, in an abundance of caution, the Court will consider the merits of Gerova's arguments assuming, *arguendo*, that the Court granted Gerova's Motion for Leave to Amend[4]. Gerova, in its Opposition, states that it does not dispute any material fact listed in Manley's Motion nor does it dispute that the parties entered into the Agreement. Instead, Gerova argues that Manley has failed to comply with a condition precedent to receiving payment under the Agreement. In particular, Gerova argues that Manley has not presented any evidence that he complied with Paragraph 5(e) of the Agreement, which Gerova asserts is a material provision. Paragraph 5(e) provides that Manley had a duty to return all of Gerova's "Confidential Information" within ten (10) days following the execution of the Agreement. In support of its argument, Gerova attaches the Affidavit of Michael Hlavsa, Gerova's current Chief Financial Officer. In the Affidavit, Hlavsa states that he possesses no personal knowledge confirming that Manley returned all confidential information. See DE 24-3. Gerova argues that since Manley's return of confidential information must take place before Gerova pays, it can be viewed as a condition precedent that must be fulfilled prior to receipt. See Stringer v. Fireman's Fund Ins. Co., 622 So.2d 145 (Fla. 3d DCA), review denied, 630 So.2d 1101 (Fla. 1993) (the failure to submit to an examination under oath is a condition precedent to payment under the insurance policy which will relieve the insurer of the obligation to pay under contract).

---

[4]In its Motion for Leave to Amend, Gerova notes that it is possible that Manley's Motion for Summary Judgment was filed under the assumption that Manley did not have to prove whether he complied with all conditions precedent, given Rule 9(c). Therefore, Gerova states that it will not object to any new evidence that Manley may attach to its Reply brief pertaining to whether Manley returned confidential information.

Manley, in his Reply, contends that Gerova submitted the Affidavit of Michael Hlavsa in bad faith and solely for delay.  In support of this contention, Manley argues that Hlavsa's statement in his Affidavit that he "possess[es] no personal knowledge confirming that Manley returned all Confidential Information" directly contradicts the Hlavsa's testimony he gave at his deposition ten days earlier when he said he was not aware of any obligations under the Agreement that have not been performed by Manley.  Manley also asserts that he did return all of the confidential information.  In support of his assertion, Manley attaches email communications between him and then-President of Gerova, Gary Hirst, as well as FedEx documentation.  The first email, which was sent from Manley, indicates that he had returned various documents and inquired whether additional items that might come under the provisions of the Agreement should be returned or destroyed.  See DE 25-2 at 14.  The second email, which was sent from Hirst, responded that Manley should return the documents to his attention and provided an address.  See DE 25-2 at 16.  The FedEx documentation shows that on April 16, 2010, Manley sent a package to Hirst via FedEx Priority Overnight, which FedEx attempted to deliver on April 17, 2010, but only successfully delivered on April 19, 2010.  See DE 25-2 at 18-20.  Manley also argues that Hlavsa's statement that he "possess[es] no personal knowledge" is insufficient to create a material issue of fact.

The Court finds that Manley is entitled to partial summary judgment.  At the outset, the Court notes that Gerova did not file a Statement of Material Facts disputing Manley's Statement of Facts.  Pursuant to Local Rule 7.5(d)[5], to the extent that the Manley's statements are supported

---

[5]Rule 7.5(d) of the Local Rules of this Court provides that "[a]ll material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."

by evidence, they are deemed admitted. Manley has set forth specific facts and case law

demonstrating his entitlement to partial summary judgment. Gerova has failed to provide the

Court with any memorandum of law or a statement of facts from which the Court can determine

whether there exists a genuine issue to be tried. Indeed, even the Affidavit of Michael Hlavsa

[DE 24-3] fails to provide any factual support or set forth any specific facts that would

demonstrate that there is a genuine issue as to whether Manley returned the confidential

information. Instead, having failed to controvert Manley's statement, such facts are deemed

admitted. The undisputed material facts offered by Manley demonstrate that Gerova has offered

no evidence whatsoever as to Gerova's defense that Manley failed to return confidential

information, thus failed to comply with a condition precedent to receiving payment under the

Agreement. In addition, Gerova does not dispute that it has not made the payments to Manley as

required by the Agreement nor does Gerova dispute the amount of the payments sought by

Manley. Accordingly, Manley is entitled partial summary judgment in favor of it and against

Gerova for breach of contract and damages in the amount of $716,092.58 for the amount unpaid

through May 8, 2011, as well as damages for any and all additional amounts that remain

outstanding as of the date of this Court's final judgment.


### III.  CONCLUSION

Accordingly, based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion for Partial Summary Judgment [DE 20] is hereby **GRANTED**;

2.      Judgment is hereby entered on behalf of Plaintiff, Marshall Manley, and against

        Defendant, Gerova Financial Group, LTD., for breach of contract and damages in

the amount of $716,092.58 for the amount unpaid through May 8, 2011, as well

as damages for any and all additional amounts that remain outstanding as of the

date of the Court's final judgment;

3.      Defendant, Gerova Financial Group, LTD's Motion For Leave To Amend Its

Answer To Plaintiff's Amended Complaint [DE 23] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this

12th day of May, 2011.


WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record

9